**98–2258.   State v. Sherrills.**
Cuyahoga App. No. 35912.   Reported at 84 Ohio St.3d 1471, 704 N.E.2d 579.   On motion for reconsideration.   Motion denied.

**98–2259.   State v. Sherrills.**
Cuyahoga App. No. 62067.   Reported at 84 Ohio St.3d 1471, 704 N.E.2d 579.   On motion for reconsideration.   Motion denied.

**98–2260.   State v. Sherrills.**
Cuyahoga App. No. 62068.   Reported at 84 Ohio St.3d 1471, 704 N.E.2d 579.   On motion for reconsideration.   Motion denied.

**98–2307.   Westerfield v. Metro. Ins. Co.**
Cuyahoga App. No. 73356.   Reported at 84 Ohio St.3d 1475, 704 N.E.2d 581.   On motion for reconsideration.   Motion granted and discretionary appeal allowed.
    MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

**98–2332.   State v. Davie.**
Trumbull App. No. 97–T–175.   Reported at 84 Ohio St.3d 1483, 705 N.E.2d 364.   On motion for reconsideration.   Motion denied.
    PFEIFER, J., dissents.

*Thursday, March 4, 1999*

## MOTION DOCKET

**97–1117.   Simmons–Harris v. Goff.**
Franklin App. Nos. 96APE08–982 and 96APE08–991.   This cause is pending before the court as an appeal and cross-appeal from the Court of Appeals for Franklin County.   Upon consideration of the motion of appellants/cross-appellees, Hope for Cleveland's Children et al., to file an additional authority,
    IT IS ORDERED by the court that the motion to file an additional authority be, and hereby is, granted.
    MOYER, C.J., and DOUGLAS, J., dissent.
    IT IS FURTHER ORDERED by the court that Hope for Cleveland's Children et al. shall file the citation to the additional authority within seven days of the date of this entry.
    WILLIAM R. BAIRD, J., of the Ninth Appellate District, sitting for COOK, J.
    WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for LUNDBERG STRATTON, J.

## DISCIPLINARY DOCKET

**96–2428.   Akron Bar Assn. v. Snyder.**
On March 26, 1997, this court indefinitely suspended respondent, Scott W. Snyder, and ordered that within ninety days, respondent shall reimburse any amounts awarded against him by the Clients' Security Fund.   The court further ordered that if after the date of its March 26, 1997 suspension order, the Clients' Security Fund awarded any amount against respondent, the respondent shall reimburse the Clients' Security Fund within ninety days of the notice of such award.   On April 21, 1998, the Clients' Security Fund filed a motion for leave to file a motion for an order to show cause, which this court granted.   On July 27, 1998, the Clients' Security Fund filed a motion for order to show cause, and on October 12, 1998, this court found respondent in contempt and referred the matter to the Attorney General for collection.   On January 7, 1999, the fund filed a motion for amendment of the court's October 12, 1998 order, requesting that it not be required to refer the matter to the Attorney General unless respondent fails to pay the fund directly.   Upon consideration thereof,
    IT IS HEREBY ORDERED by the court that the motion be, and hereby is, granted.

**97–1754.   Disciplinary Counsel v. Johnson.**
On February 19, 1999, respondent Inza E. Johnson filed an application for reinstatement to the