OPINION
Appellant, Roderick Davie ("Davie"), appeals from the judgment of the Trumbull County Court of Common Pleas denying his second (successive) petition for postconviction relief.
After a jury trial, Davie was convicted of two counts of aggravated murder with specification of four aggravating circumstances, two counts of felony murder with specification of four aggravating circumstances, one count attempted murder with specification of a firearm possession, three counts of kidnapping, two counts of aggravated robbery, and one count of aggravated burglary. Davie has been sentenced to death.
Davie's convictions and sentences were affirmed by this court in Statev. Davie (Dec. 27, 1995), Trumbull App. No. 92-T-4693, unreported, 1995 Ohio App. LEXIS 6064. The Supreme Court of Ohio affirmed the same inState v. Davie (1997), 80 Ohio St.3d 311. Davie's original petition for postconviction was dismissed by the trial court on September 3, 1997. This court affirmed that judgment in State v. Davie (Sept. 25, 1998), Trumbull App. No. 97-T-0175, unreported, 1998 Ohio App. LEXIS 4540, jurisdiction denied, State v. Davie (1999), 84 Ohio St.3d 1483, motion for reconsideration denied, State v. Davie (1999), 85 Ohio St.3d 1411. Davie also filed a motion to reopen his direct appeal (Trumbull App. No. 92-T-4693) pursuant to App.R. 26(B), which this court denied on September 26, 2001. We now consider the instant appeal.
In his second petition for postconviction relief, Davie acknowledged that the petition did not meet the criteria of R.C. 2953.23, which governs a trial court's authority to consider a second petition. Consequently, the petition began by arguing that R.C. 2953.23 is unconstitutional. The petition did not challenge the constitutionality of R.C. 2953.21, although Davies argues that statute is unconstitutional in the present appeal. The petition then sets forth forty-three claims for relief.
The trial court concluded that R.C. 2953.23 is constitutional, relying primarily on Pennsylvania v. Finley (1987), 481 U.S. 551. In Finley, the United States Supreme Court held that states have no obligation, under the federal constitution, to provide postconviction relief. The trial court construed Finley to hold that any limitations on the right to postconviction relief are, therefore, constitutional. The trial court cited Slack v. McDaniel (2000), 529 U.S. 473, for the proposition that "the State remains free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings." Id. at 489. On the basis of these federal rulings, the trial court concluded that R.C. 2953.23 is constitutional.
With respect to the merits of Davie's forty-three claimed grounds for relief, the trial court concluded they failed to satisfy the criteria set forth in R.C. 2953.23, which it considered jurisdictional, and consequently dismissed the petition. The court found that, regarding claims one through eleven, and thirteen through forty-three, Davie was not unavoidably prevented from discovering the facts upon which he must rely in presenting each claim for relief. In the twelfth claim for relief, Davie argued this court failed to provide a meaningful proportionality of sentence review. The trial court, citing State v.Murnahan (1992), 63 Ohio St.3d 60, determined that it was without authority to "second guess" the judgment of the court of appeals, and that it did not have jurisdiction to consider the question. Secondly, the trial court concluded Davie was not presenting any arguments based upon newly recognized federal or state rights which apply retroactively to persons in Davie's situation. Finally, the trial court concluded that Davie failed to demonstrate with clear and convincing evidence that, but for constitutional errors made at trial, no reasonable factfinder would have found the Davie guilty, or, based on errors during the sentencing hearing, have imposed the death sentence upon him.
Davie timely filed his appeal, assigning the following errors:
 "[1.] The trial court erred when it overruled Mr. Davie's motion for appointment of counsel.
 "[2.] The trial court erred when it did not declare unconstitutional R.C. 2953.21 ET SEQ. [sic]
 "[3.] The trial court erred when it did not declare R.C. 2953.23(A)(2) constitutionally infirm on its face and as applied to petitioner Davie.
 "[4.] The trial court erred when it denied petitioner's postconviction petition without first affording him the opportunity to conduct discovery.
 "[5.] The trial court erred when it dismissed Mr. Davie's petition because he did not meet the requirements contained in R.C. 2953.23.
 "[6.] The trial court erred in denying the merits of the claims contained in appellant's postconviction petition."
 In his first assignment of error, Davie contends that, in accordance with the Fifth, Sixth, Eighth and Fourteenth Amendments to the federal constitution, and under R.C. 2953.21 itself, he was entitled to appointed counsel to pursue postconviction relief. In Finley, 481 U.S. 551, the Supreme Court of the United States held that there is no federal constitutional right to appointed counsel in postconviction relief proceedings. Postconviction relief proceedings are based upon state law. Thus, if Davie was entitled to the appointment of counsel, the right is based in the Ohio Revised Code. In relevant part, R.C. 2953.21(I) states:
 "If a person who has received the death penalty intends to file a petition under this section, the court shall appoint counsel to represent the person upon a finding that the person is indigent * * *." (Emphasis added.)
 In this case, Davie's petition was prepared by attorneys Richard Kerger and Randal Porter, and filed on March 1, 2000. It contained a constitutional argument and forty-three separate grounds for relief. It also contained a "demand" that the above attorneys be appointed to represent Davie in the proceedings. Subsequently, on March 17, 2000, another motion was filed for the appointment of counsel and, on April 27, 2000, Davie submitted his own pro se motion for the appointment of counsel.
R.C. 2953.21(I) speaks to a person who intends to file a petition. In this case Davie had already filed his petition. A review of the petition indicates that, given the limitations of Davie's legal position, these attorneys made a thorough and conscientious effort. Assuming that the appointment of counsel is mandatory under Ohio law for the purpose of bringing second, successive petitions, it is unnecessary to appoint counsel to accomplish a task that has already been completed. The next question is whether it was necessary to appoint counsel to handle the matter from that point forward.
Because the petition was already filed, the next potential proceeding was a hearing on the petition. Under R.C. 2953.21(C), a trial court must determine if there are substantive grounds for relief before granting a hearing on a postconviction relief petition. The trial court determined there were no substantive grounds for relief and dismissed the petition without a hearing. At that point, any potential requirement for the appointment of counsel to handle matters at the trial court level was obviated. Thus, without reaching the question of whether Ohio's statutory scheme requires the appointment of counsel in a second, successive petition for postconviction relief, we conclude the trial court did not err by declining to appoint counsel in this case. Davie's first assignment of error is without merit.
In Davie's second assignment of error, he contends the trial court erred when it failed to declare R.C. 2953.21, et seq., unconstitutional. Davie did not raise this issue in his petition for relief. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus. However, in State v. Schlee (Dec. 17, 1999), Lake App. No. 98-L-187, unreported, 1999 Ohio App. LEXIS 6136, we recognized that under the Awan holding, an appellate court retains the discretion to review the constitutionality of statutes for the first time on appeal.
While we decline to exercise our discretion to conduct a full merit analysis in this case, we note that, with respect filing first petitions for postconviction relief, Ohio's procedures are relatively swift, simple, and easily invoked. R.C. 2953.21 embraces all claims of violations of federal constitutional rights. It provides for full hearings when necessary. R.C. 2953.21 requires a trial court to consider not only the petition and its supporting affidavits, but the entire record of the proceedings against a petitioner. The trial court is required to set forth in a judgment entry the findings of fact and conclusions of law supporting its decision, whether the trial court dismisses a petition with or without a hearing. And, in capital cases such as Davie's, it requires the appointment of counsel to represent the petitioner in the first instance.
"[S]tatutes enacted in Ohio are presumed to be constitutional. * * * This presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional." (Citations omitted.) State v. Williams (2000), 88 Ohio St.3d 513, 521. Davie presents no arguments that approach this burden. Davie's second assignment of error is without merit.
In his third assignment of error, Davie contends that the trial court erred by failing to declare R.C. 2953.23(A)(2) unconstitutional. This particular code section must be considered in its full context. R.C.2953.23, which deals only with either second, successive petitions or untimely petitions, states, in relevant part:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 Davie's argument focuses on subsection (2). In particular, he argues that the requirement that the petitioner demonstrate by "clear and convincing evidence" that, but for a constitutional error, "no reasonable factfinder would have found the petitioner guilty" imposes a higher burden on the petitioner than the federal constitution itself requires. On this point, Davie is correct. For example, in an ineffective assistance of counsel claim, to demonstrate the prejudice necessary for a reversal, a defendant need demonstrate that there is "a reasonable probability" that, were it not for counsel's errors, the result of the trial would have been different. Strickland v Washington (1984), 466 U.S. 668. A "reasonable probability" is certainly a lesser standard than "no reasonable factfinder." Davie argues this violates both the Supremacy Clause of the United States Constitution and the Doctrine of the Separation of Powers.
This statute must be viewed in its proper context. First, the statute has no application during the criminal proceedings. It in no way impinges upon federal constitutional rights during the criminal pretrial proceedings, the trial proceedings, the sentencing proceedings, the direct appeal to either the Eleventh District Court of Appeals or the Supreme Court of Ohio, motions to reopen direct appeals, or even the first petition for postconviction relief.
A postconviction relief proceeding is a collateral civil attack on a judgment and is not imbued with the same federal constitutional protections as are all of the criminal proceedings which precede it. InFinley, 481 U.S. 551, the United States Supreme Court explained that defendants in postconviction relief proceedings are in a fundamentally different legal position than defendants on trial, and defendants asserting their appeals as of right. Id. at 559. The court stated:
 "Postconviction relief is * * * not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief." (Citations omitted.) Id. at 557.
It further stated:
 "At bottom, * * * we are unwilling to accept — that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." Id. at 559.
 The United States Supreme Court has further stated that "the State remains free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings." Slack v. McDaniel, 529 U.S. at 489. In light of these holdings, considering the civil nature of the proceedings, considering that the higher burden is only applicable in a second, successive petition for post conviction relief, and considering the extensive process of review made available to a defendant prior to reaching this point, we find that R.C. 2953.23(A)(2) is a reasonable and proper procedural limitation on postconviction proceedings. It does not violate the Supremacy Clause, the Doctrine of Separation of Powers, the "due course of law" or "open courts" provisions of the Ohio Constitution, nor is unconstitutional as applied to Davie. Davie's third assignment of error is without merit.
In Davie's fourth assignment of error, he argues the trial court erred when it did not grant his requests to conduct discovery prior to ruling on his petition. A postconviction relief proceeding is a collateral civil attack on a judgment, and the judgment of the trial court is reviewed under the abuse of discretion standard. State v. Apanovitch (1995),107 Ohio App.3d 82, 87. Courts are not required to provide petitioners discovery in postconviction proceedings. State ex rel. Love v. CuyahogaCty. Prosecutor's Office (1999), 87 Ohio St.3d 158, 159. "Whether discovery may be had on a postconviction claim is a matter committed to the discretion of the trial court." State v. Wiles (1998),126 Ohio App.3d 71, 79. In this case, the court determined that Davie failed to meet the criteria set forth in R.C. 2953.23 necessary for the court to further consider the petition, and it dismissed the petition. We affirm that judgment in the fifth assignment of error. We, therefore, conclude it was not an abuse of discretion to deny Davie's discovery requests. Davie's fourth assignment of error is without merit.
In Davie's fifth assignment of error, he argues the trial court erred in dismissing his petition on the grounds it did not meet the requirements set forth in R.C. 2953.23, which must be met in order for the court to consider a second, successive petition for postconviction relief. In this argument, Davie focuses on the use of the word "may" in R.C. 2953.23, arguing that the use of that word makes the application and satisfaction of the criteria set forth in the statute discretionary, as opposed to mandatory. On this basis, he argues the trial court erred inrequiring he meet the criteria, since their application was discretionary. In relevant part, R.C. 2953.23(A) states:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply * * *." (Emphasis added.)
 "The statutory use of the word `may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary." Dorrian v. Scioto Conserv. Dist. (1971), 27 Ohio St.2d 102, 107. However, the word "may" can be construed to have the ordinary meaning of "shall," in the mandatory sense of the term. Id. at 108. In order to construe the term "may" to have the unusual application of a mandatory term, it must clearly appear that the General Assembly intended that it be so construed, from a general view of the statute under consideration. Id.
Upon reviewing R.C. 2953.23(A), it is evident that the General Assembly intended "may" to have a mandatory effect by coupling it with the word "not." In typical statutes, the word may is coupled with a verb, such as "may borrow" and, consequently, is considered to grant discretion. On the other hand, the phrase "may not" does not evince any discretion and, in fact, is generally understood to be a mandatory direction. We conclude the criteria set forth in R.C. 2953.23 are mandatory, and the trial court does not have the discretion to consider a second, successive petition for postconviction relief that does not meet those requirements. Davie's fifth assignment of error is without merit.
In Davie's sixth assignment of error, he contends the trial court erred in denying the merits of the forty-three claims for relief set forth in the petition. Upon reviewing these claims, we agree with the trial court's conclusion that Davie was not unavoidably prevented from discovering the facts upon which he must rely in presenting claims one through eleven, and thirteen through forty-three. We also agree with the trial court's conclusion that Davie was not presenting any arguments based upon newly recognized federal or state rights which apply retroactively to Davie. With respect to the twelfth claim for relief, the argument that this court failed to provide a meaningful proportionality of sentence review, the trial court was correct in determining it was without authority to consider such a claim. Consequently, because the petition failed to meet the criteria set forth in R.C. 2953.23(A)(1), the trial court properly dismissed it. We note that, with respect to the twelfth claim, this court recently considered and rejected the merits of that claim in Davie's motion to reopen his direct appeal, State v. Davie
(Sept. 26, 2001), Trumbull App. No. 92-T-4693, unreported.
Although we adhere to the above conclusions with respect to all of Davie's claims for relief, we wish to briefly address the merits of the twenty-first claim for relief. In this claim for relief, Davie argues the trial court committed error in the sentencing phase of the trial by failing to instruct the jury that he "enjoyed a presumption of life and the right to live." Davie claims the failure to give such an instruction violated the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, sections 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution. Davie also cites In re Winship (1970),397 U.S. 358, in support of this proposition. He argues the failure to give such an instruction was prejudicial because it improperly shifted the burden in the mitigation phase to the petitioner.
First, Davie cites no authority stating that the exact instruction he calls for is required. The portion of In re Winship (p. 364) that Davie directs this court's attention to discusses the indispensable nature of the "beyond a reasonable doubt" standard of proof in a free society. While this point is relevant to the issue at hand, Winship does not mandate that a death penalty defendant be given an instruction that he "enjoys a presumption of life and the right to live."
Second, the appropriate jury instruction for the sentencing phase in a death penalty case is found in the Ohio Jury Instructions ("OJI"), in this case at 4 OJI (1992), 503.011. The OJI are derived from Ohio's death penalty statutes, R.C. 2929.03 and R.C. 2929.04. The Supreme Court of Ohio held that, with respect to the United States Constitution, Ohio's death penalty statutes are constitutional in all respects. State v. Evans
(1992), 63 Ohio St.3d 231, 253.
While Ohio law does not mandate the instruction Davie calls for, the presumption he speaks of does, in fact, exist and is protected by Ohio law. Before a trial can reach the death penalty stage, the state must have proven at trial that the aggravating circumstances exist beyond a reasonable doubt. In the sentencing phase, while the state does not have to prove a second time that these factors exist, when it seeks the imposition of the death penalty, the state has the additional burden of proving beyond a reasonable doubt that the aggravating circumstances outweigh the factors presented in mitigation of imposition of a death sentence. R.C. 2929.03(D)(1).
In this case, the jury was instructed during the sentencing phase that the state had the burden of proving beyond a reasonable doubt that the aggravating circumstances outweighed the factors presented in mitigation of the death sentence. If the state failed to meet either the burden at trial or the burden in the sentencing phase, then the death penalty could not have been imposed. Both the law and the instruction given in this case established a presumption in favor of life. But the law does not require that the specific instruction, which Davie claims should have been given, be given. Davie's twenty-first claim for relief is without merit. Davie's sixth assignment of error is without merit. The judgment of the trial court is affirmed.
FORD, J., GRENDELL, J., concur.