The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (1995), 104 Ohio App.3d 182.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68104.

Decided May 30, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *George M. George,* Assistant Prosecuting Attorney, for appellee.

*James A. Jenkins,* for appellant.

*Per Curiam.*

Appellant was indicted on one count of a drug violation, R.C. 2925.11, with a prior conviction for attempted drug abuse. On September 26, 1994, appellant filed a motion to suppress the evidence obtained as a result of the search. Appellant asserted in her motion that the search was illegal because the officer had no reasonable suspicion to stop her and, because she did not pose a threat, the pat-down search was unjustified. The trial court denied the motion to suppress after a hearing on the motion. Appellant changed her plea from not guilty to no contest. Thereafter, the court found appellant guilty and sentenced her to one year incarceration and suspended her driver's license for thirty days.

Appellant filed a timely notice of appeal asserting the following assignment of error:

"The trial court erred in denying defendant/appellant's motion to suppress the evidence when the police had no probable cause or reasonable suspicion to stop defendant/appellant."

Appellant argues that the initial stop, pursuant to Cleveland Municipal Ordinance 607.19, Loitering for the Purpose of Engaging in Drug–Related Activity, was unconstitutional under *Cleveland v. Stephens* (1994), 93 Ohio App.3d 827, 639 N.E.2d 1258, and that therefore the subsequent search was illegal. Appellant argues that the officer could not articulate any other reasons for stopping appellant, other than a violation of the ordinance subsequently found to be unconstitutionally vague.

The testimony of the arresting officer given at the suppression hearing indicated that sufficient reasons existed at the time of the stop to justify it. Detective Chappelle testified that he and two other members of the Strike Force were patrolling the area in which appellant was arrested, in response to complaints about drug activity. He first saw appellant standing with another man engaged in a transaction for some kind of article. The two people were standing on a sidewalk. The police detectives observed the couple for several minutes

then proceeded to approach them. At the time of the arrest the ordinance against loitering was still in effect. Detective Chappelle testified that he conducted a pat-down search of appellant for his own safety and for contraband. Chappelle found a "straight shooter," paraphernalia used for smoking crack cocaine, in her left front coat pocket.

The trial court denied the motion to suppress, commenting on the record that the experienced officers had set up surveillance in response to complaints in the high crime area. The court also noted that the officer observed appellant engaged in conduct which he took to be some type of drug exchange with her male companion. The officer had a reasonable belief that appellant was in violation of the loitering ordinance, after observing her for several minutes. The court stated that the officer was within his rights to place appellant under arrest for loitering at that point and to effectuate a search pursuant to the arrest. We agree.

■ A full search was justified in this case because the detective had probable cause to arrest appellant under the loitering ordinance. The fact that the ordinance has since been determined to be unconstitutional does not affect the propriety of the initial arrest and search.

Similar facts were presented in an unreported appellate case from Marion County, although the trial court in that case sustained the motion to suppress and at the same time held the ordinance at issue unconstitutional. In *State v. Throckmorton* (Sept. 26, 1994), Marion App. No. 9–94–27, unreported, 1994 WL 521200, the appellate court determined that the trial court erred in sustaining the motion to suppress.

In *Throckmorton* the defendant was arrested on the basis of contributing to the unruliness of a minor. The defendant had a seventeen-year-old passenger in his car during the hours when the curfew ordinance was in effect. The detective who made the arrest testified at the suppression hearing that he observed the defendant and his passenger for several minutes, sitting in a vehicle with the motor running. The detective noted that the passenger looked underage and stopped the vehicle for the purpose of determining whether the passenger was in violation of the curfew ordinance. Subsequent to the arrest, the vehicle was seized and searched. Stolen car stereo equipment was recovered. The defendant was charged with the offenses of possession of criminal tools and theft.

This factual situation is similar to the facts of this case in that violating the loitering ordinance later found to be unconstitutionally vague is not the offense for which appellant was indicted. Like the defendant in *Throckmorton,* appellant was charged with an offense based upon the fruits of the search, not the offense for which the arrest was made. The trial court in *Throckmorton* ruled that the

curfew ordinance was unconstitutionally vague and ruled that the evidence of the stolen equipment should be suppressed.

We agree with the reasoning of the Marion County Court of Appeals when it reversed the lower court, finding that the stop was reasonable and probable cause existed for the arrest. The definition of probable cause has been articulated as follows:

" 'The existence of probable cause is determined by factual and practical considerations of everyday life on which reasonable and prudent men act. *Draper v. Untied States* (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. In examining these factual and practical considerations the focus is on whether, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed an offense. *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142.' " *State v. Conover* (1985), 23 Ohio App.3d 161, 162, 23 OBR 403, 404, 492 N.E.2d 464, 465, quoting *State v. Giner* (Mar. 28, 1984), Summit App. No. 11385, unreported, 1984 WL 4818.

In this case, appellant's violation of the loitering ordinance, coupled with the exchange observed by the arresting officer, supports the probable cause necessary to satisfy the constitutionality of the arrest. The search of appellant was made pursuant to this justifiable arrest. As the Marion County court pointed out, the fact that the ordinance is subsequently found to be unconstitutional does not eliminate the basis for the arrest.

"The United States Supreme Court has held that 'the subsequently determined invalidity of [an] * * * ordinance on vagueness grounds does not undermine the validity of the arrest made for violation of that ordinance * * *.' *Michigan v. DeFillippo* (1979), 443 U.S. 31, 40, 61 L.Ed.2d 343, 99 S.Ct. 2627." *State v. Throckmorton* (Sept. 26, 1994), Marion App. No. 9–94–27, unreported, 1994 WL 521200.

We are persuaded by the reasoning in *Throckmorton* and therefore overrule appellant's assignment of error. We affirm the trial court's denial of appellant's motion to suppress.

*Judgment affirmed.*

MATIA, P.J., NAHRA and DYKE, JJ., concur.