OPINION
{¶ 1} Appellant, Dennis Fuster, appeals the judgment of the Portage County Municipal Court convicting him of driving under the influence of alcohol in violation of Kent Municipal Ordinance, section 331.01(a)(1).
 {¶ 2} Near midnight on August 21, 2002, Officer Martin Gilliland was called to an area near Vine Street in the city of Kent to investigate a vehicle whose driver was possibly impaired. The officer responded to the area and observed appellant's 1994 red, Chevy pickup truck traveling south on Vine Street. The officer pulled behind appellant's vehicle and, while following, observed him drift into the northbound lane and back into the southbound lane. Gilliland also testified that, prior to reaching the intersection of Elm Street, appellant stopped his vehicle "for no apparent reason" and proceed to drive again. The officer subsequently stopped appellant.
 {¶ 3} During the stop, the officer requested appellant's driver's license and proof of insurance. During this exchange, Gilliland noticed an odor of alcoholic beverage coming from appellant. After conducting a series of field sobriety tests, Gilliland determined appellant was under the influence of alcohol. Appellant was arrested and transported to the Kent Police Department.
 {¶ 4} Appellant was charged with crossing the center of the roadway, in violation of Kent Municipal Ordinance, section331.01(a)(2) of the Kent Municipal Code. Appellant was also charged with driving under the influence of alcohol ("DUI"), in violation of Kent Municipal Ordinance, sections 333.01(a)(1) and (a)(3).
 {¶ 5} A hearing on appellant's motion to suppress evidence was conducted on March 13, 2003. At the suppression hearing, appellant requested suppression of evidence based upon lack of probable cause to stop and moved to dismiss the traffic violation due to conflict between the ordinance and general Ohio law. The court denied appellant's motion on March 31, 2003. Prior to pleading no contest to the DUI charge in violation of section333.01(a)(1), the city moved to dismiss the traffic violation and the DUI charge based upon section 333.01(a)(3). The court accepted the prosecutor's motion, found appellant guilty of the single DUI offense, and sentenced appellant to 180 days in jail (177 days suspended) and a $550.00 fine ($300.00 suspended). The instant appeal followed.
 {¶ 6} Appellant presents the following assignments of error for our review:
 {¶ 7} "[1.] The court erred in overruling suppression motion [sic] where the vehicle stop was made without probable cause, contrary to fourth and fourteenth amendments [sic] of the United States Constitution.
 {¶ 8} "[2.] The court erred in overruling suppression motion [sic] where Kent, Ohio Municipal Code 331.01(a) is void for vagueness.
 {¶ 9} "[3.] The court erred in overruling suppression motion [sic] where Kent, Ohio Municipal Code 331.01(a), being a municipal ordinance, is in conflict with the general law, O.R.C.4511.33 and therefore null and void."
 {¶ 10} In his first assignment of error, appellant challenges the court's decision to deny his motion to suppress evidence. An appellate court reviews a motion to suppress de novo. State v.Foster, 11th Dist. No. 2003-L-039, 2004-Ohio-1438, at ¶ 6. As such, we give deference to the trial court's findings to the extent they are supported by competent, credible evidence. Statev. Hrubik (June 30, 2000), 11th Dist. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, at 4. After accepting the lower court's findings as true, we then conduct an independent inquiry into whether the trial court's resolution met the applicable legal standards.State v. Rivera, 11th Dist. No. 2001-A-0005, 2001-Ohio-4322, at 10.
 {¶ 11} Appellant's primary argument contends that the trial court should have granted his motion to suppress evidence because the arresting officer lacked probable cause to stop appellant. To wit, appellant maintains that he safely steered his car left of center and stopped his vehicle in a slow and deliberate fashion so as to avoid certain hazards in the street created by overly depressed manholes. Appellant cites R.C. 4511.33 which indicates that:
 {¶ 12} "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane * * * until the driver has first ascertained that such movement can be made with safety." R.C. 4511.33(A). Appellant notes that under R.C. 4511.33(A) a safe movement is the criterion for determining whether a motorist is criminally culpable for maneuvering left of center. Appellant concludes, therefore, because he safely moved from his lane into the left lane of traffic to avoid a hazardous manhole, the court erred in overruling his motion to suppress.
 {¶ 13} Appellant's argument appears to misunderstand the nature of the stop in question. Appellant was not stopped for violating R.C. 4511.33(A); rather, according to testimony adduced at the hearing, the investigative stop was based upon the totality of the circumstances, i.e., the dispatcher's report, including the vehicle's description, and, ultimately, the officer's observation of appellant's erratic driving.[1]
 {¶ 14} The investigative stop exception to theFourth Amendment warrant requirement permits a police officer to stop an individual, provided the officer has the requisite reasonable suspicion, based upon specific, articulable facts that a crime has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1,21. In evaluating the propriety of an investigative stop, a reviewing court must examine the "totality of the circumstances" which provided the foundation for the officer's suspicion to warrant an inquiry. State v. Spikes (June 9, 1995), 11th Dist. No. 94-L-187, 1995 Ohio App. LEXIS 2649, at 4, citing, State v.Bobo (1988), 37 Ohio St.3d 177. In essence, therefore, a police officer conducting an investigative stop need not have probable cause to stop the vehicle in question. State v. Zampini (1992),79 Ohio App.3d 608, 610, citing, State v. Brandenburg (1987),41 Ohio App.3d 109.
 {¶ 15} We have previously held that a police officer "must observe some indicia of erratic driving" before stopping a vehicle. Spikes, supra, at 8; see, also, Rivera, supra, at 12. However, "erratic driving," unto itself, is not sufficient to legally justify an investigative stop. Even if the evidence is uncontroverted that an accused was driving erratically, a reviewing court must evaluate the totality of the circumstances surrounding the stop and not draw a cursory conclusion that the erratic driving alone is an adequate basis on which to make an investigative stop. Spikes, supra, at 7.
 {¶ 16} At the hearing, the arresting officer testified that at approximately 11:53 p.m. on the night in question, he responded to a call from dispatch asking him to investigate a possible impaired driver moving southbound on Vine Street. The officer responded to the area and was able to get behind the vehicle matching the description provided by dispatch. While following the vehicle on Vine Street, the officer observed appellant's vehicle drift left of center and make two stops in the street "for no apparent reason." The officer then initiated the traffic stop.
 {¶ 17} In its judgment entry, the lower court found the officer's observations regarding appellant's erratic driving were sufficient grounds to stop appellant's vehicle. The trial court's findings are based upon competent and credible evidence adduced at the suppression hearing. Specifically, the officer was responding to a possible impaired driver; upon locating the vehicle, the officer followed and observed the vehicle make two stops and weave across the center of the road. Accepting the lower court's factual determination as true and examining the "totality of the circumstances," the officer's investigative stop was proper.[2]
 {¶ 18} However, during the suppression hearing appellant's counsel argued that the traffic ordinance on which the officer premised the stop was unconstitutionally vague and, to the extent that it contradicted a corollary provision in the Ohio Revised Code, it was preempted. Counsel concluded, therefore, that if the ordinance was unconstitutional, the officer lacked probable cause to stop appellant. Appellant's argument is incorrect.
 {¶ 19} In Michigan v. DeFillippo (1979), 443 U.S. 31, the United States Supreme Court, held that:
 {¶ 20} "A prudent officer, in the course of determining whether respondent had committed an offense under all the circumstances shown by this record should not have been required to anticipate that a court would later hold the ordinance unconstitutional." Id. at 37-38.
 {¶ 21} The court continued:
 {¶ 22} "The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality — with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws. Society would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement." Id. at 38.
 {¶ 23} In essence, even if we determined that the ordinance in question was unconstitutional, this determination would have no effect on the validity of an otherwise valid arrest under that ordinance prior to the holding. See, State v. Robinson (1995),104 Ohio App.3d 182, 185; see, also, State v. Throckmorton
(Sept. 26, 1994), 3d Dist. No. 9-94-27, 1994 Ohio App. LEXIS 4279, at 11.
 {¶ 24} Appellant's first assignment of error is not well taken.
 {¶ 25} In his second assignment of error, appellant asserts that city of Kent, Municipal Code section 331.01 is void for vagueness. Although appellant was initially charged with violating section 331.01(a)(2), the charge was ultimately dismissed on the prosecutor's motion. To establish standing to challenge the constitutionality of a legislative act, a party must show a direct interest in the ordinance of such a quality that his rights will be adversely affected by its enforcement.State v. Reese (Feb. 12, 1999), 11th Dist. No. 97-P-0048, 1999 Ohio App. LEXIS 466, at 6, citing Anderson v. Brown, Mayor
(1968), 13 Ohio St.2d 53, paragraph one of the syllabus. Where charges are dismissed, appellant's rights cannot be adversely affected by its enforcement as there is no remaining charge which might impact appellant's rights.
 {¶ 26} Moreover, where charges are dismissed pursuant to a plea bargain, any assignment of error premised upon those charges is moot. State v. Cavanaugh (Mar. 28, 1990), 9th Dist. No. 14237, 1990 Ohio App. LEXIS 1192, at 3. Therefore, irrespective of appellant's lack of standing, appellant's second and third assignments of error are moot. Thus, we shall not reach the constitutional issues set forth in appellant's second assignment of error.[3] "Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary." Hall China Co., v. Public UtilitiesCommission of Ohio (1977), 50 Ohio St.2d 206, 210, citing,State, ex rel. Herbert, v. Ferguson (1944), 142 Ohio St. 496. Because the charge was dismissed, we can discern no reason necessitating an inquiry into the constitutionality of section331.01(a)(2).[4]
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} In his third assignment of error, appellant contends that section 331.01(a)(2) conflicts with R.C. 4511.33, a general law of the state, and is therefore void. As with his second assignment of error, appellant lacks standing to raise the issue of preemption as the charges relating to its application were dismissed; this issue is also moot for the same reason. However, appellant's third assignment of error is grounded in a flawed statutory analogy which deserves some attention.
 {¶ 29} R.C. 4511.33 provides:
 {¶ 30} "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or whenever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 31} "(A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane * * * until the driver has first ascertained that such movement can be made with safety." R.C. 4511.33(A).
 {¶ 32} Appellant notes that a safe movement is the criterion for determining whether a motorist is criminally culpable for maneuvering left of center.
 {¶ 33} In contrast, appellant contends that Kent Municipal Ordinance, section 331.01(a)(2) requires a motorist to stay within the right half of the road unless an obstruction necessitates driving left of center. Consequently, the ordinance only permits a driver to steer left of center when an obstruction impedes his or her passage.
 {¶ 34} Appellant's argument makes an uninformed comparison: to wit, R.C. 4511.33 regulates situations where a motorist is driving in either a marked lane or a road with traffic moving in two or more substantially continuous lines in the same direction. In the current matter, appellant was neither navigating his vehicle on a road with a marked lane nor a road with traffic moving in two or more continuous lines of traffic moving in the same direction. As such, appellant draws an erroneous comparison between two traffic rules regulating dissimilar circumstances.[5] Because the laws appellant compares are materially incommensurable, there could be no conflict between the laws in question.
 {¶ 35} Appellant's third assignment of error is overruled.
 {¶ 36} For the above reasons, appellant's three assignments of error lack merit and the decision of the Portage County Municipal Court, Kent Division, is accordingly affirmed.
Judgment affirmed.
Ford, P.J., Grendell, J., concur.
[1] Moreover, as shall be addressed below, appellant was not charged with violating R.C. 4511.33(A), but rather was charged with "Driving Upon Right Side of Roadway," pursuant to Kent Municipal Ordinance 331.01(2). Said ordinance provides:
"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:
"* * *
"(2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard[.]"
[2] That said, there was sufficient evidence adduced at the suppression hearing to support a finding of probable cause on the issue of a traffic violation pursuant to Kent Municipal Ordinance331.01(2). That is, there was no clear evidence that appellant was avoiding an "obstruction" which might warrant the maneuverings ascribed to appellant's vehicle on the night of the arrest. However, because appellant argues that he was dodging potholes, we have analyzed the stop in its totality so that even if we assume appellant was avoiding damaged pavement, we still conclude that he was properly stopped.
[3] Had the violation of section 331.01(a)(2) formed the complete basis for the traffic stop, appellant could have challenged the constitutionality of the ordinance as the ordinance would have adversely impacted his rights. However, as we determined in appellant's first assignment of error, the purported traffic violations helped create the reasonable suspicion justifying the officer's investigative stop. Thus, the charge based upon violations of section 331.01(a)(2), which was ultimately dismissed, was not the specific basis for the stop.
[4] Furthermore, as indicated supra, a party has standing to challenge the constitutionality of a statute only insofar as the law had an adverse impact upon his or her rights. "As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." County Court of Ulster County v.Allen (1979), 442 U.S. 140, 155.
[5] In fact, R.C. 4511.25 is the proper, general statute, governing lanes of travel upon roadways. Kent Municipal Ordinance, section 331.01 specifically parrots the pertinent language used by the general assembly in R.C. 4511.25. Therefore, within the field of traffic rules addressing lanes of travel upon roadways, R.C. 4511.25 does not preempt section 331.01 as there is no conflict between the general statute and the municipal ordinance.