OPINION
{¶ 1} Defendant-appellant, Scott A. Ferry, appeals the judgment of the Painesville Municipal Court, denying his Motion to Suppress Evidence. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On August 30, 2007, Ohio State Highway Patrol Trooper C. J. Coyne-Hall observed Ferry traveling eastbound on State Route 84 in Madison Township, without his headlights lighted. Trooper Coyne-Hall effected a stop of Ferry for violating R.C. 4513.03, requiring vehicles being operated after sunset to have their lights lighted. At *Page 2 
the suppression hearing, Trooper Coyne-Hall testified sunset occurred on August 30, 2007, at 8:02 p.m., and that Ferry was stopped at 8:21 p.m.
 {¶ 3} As a result of the stop, Ferry was arrested for Operating a Vehicle While Under the Influence of Alcohol, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(d) ("[n]o person shall operate any vehicle * * * if, at the time of operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath"), and for failing to have his lights lighted as required by R.C. 4513.03, a minor misdemeanor.
 {¶ 4} On September 19, 2007, Ferry filed a Motion to Suppress on the grounds that Trooper Coyne-Hall lacked probable cause to effect a traffic stop and that R.C. 4513.03 is unconstitutionally vague.
 {¶ 5} On October 30, 2007, a suppression hearing was held. At the hearing, Trooper Coyne-Hall testified that she was advised by dispatch that sunset occurred on 8:02 p.m., on August 30, 2007, and that the time of the stop, according to the NDT portable computer in her cruiser, was 8:21 p.m. Ferry presented evidence that, at the time of the stop, his vehicle was discernible at a distance of more than 1000 feet.
 {¶ 6} On November 2, 2007, the municipal court denied Ferry's Motion to Suppress.
 {¶ 7} On December 14, 2007, Ferry pled no contest to Operating a Vehicle While Under the Influence of Alcohol. The charge of driving without his headlights lighted was dismissed at the request of the State. The municipal court found that the current violation was Ferry's second conviction for Operating a Vehicle While Under the Influence of Alcohol within six years. The court sentenced Ferry to serve 60 days in the *Page 3 
Lake County Jail, imposed twelve months of community control sanctions, ordered him to pay a fine of $600, and suspended Ferry's driving privileges for twelve months. The court suspended 50 days of Ferry's jail time on the condition that he abides by the terms of his community control and granted Ferry occupational driving privileges after 30 days of suspension. The court stayed operation of the sentence pending appeal.
 {¶ 8} Ferry timely appeals and raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in denying the motion to suppress filed by the appellant in a case where the evidence clearly established that the only probable cause for the police officer to stop the appellant's automobile was because he was driving without his headlights on.
 {¶ 10} "[2.] The trial court erred in failing to hold that R.C. § 4513.03 is unconstitutionally vague and therefore void, including the phrase "from sunset to sunrise."
 {¶ 11} "The trial court acts as trier of fact at a suppression hearing and must weigh the evidence and judge the credibility of the witnesses."Wickliffe v. Kirara, 11th Dist. No. 2006-L-172, 2007-Ohio-2304, at ¶ 14 (citations omitted). "The trial court is best able to decide facts and evaluate the credibility of witnesses. Its findings of fact are to be accepted if they are supported by competent, credible evidence."State v. Mayl, 106 Ohio St.3d 207, 2005-Ohio-4629, at ¶ 41. "Once the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts." Kirara, 2005-Ohio-1563, at ¶ 14 (citation omitted); Mayl, 2005-Ohio-2304, at ¶ 41 ("we are to independently determine whether [the trial court's factual findings] satisfy the applicable legal standard") (citation omitted). *Page 4 
 {¶ 12} With respect to the evidence presented at the suppression hearing, Ferry does not challenge the facts that, on August 30, 2007, sunset occurred at 8:02 p.m., and that Trooper Coyne-Hall stopped Ferry at 8:21 p.m. The State does not challenge the fact that, at the time of the stop, Ferry's vehicle was discernible at a distance of more than 1000 feet.
 {¶ 13} Ferry's argument under the first assignment of error turns on the proper interpretation of R.C. 4513.03, the Lighted Lights and Illuminating Devices Required statute, which provides in relevant part: "Every vehicle upon a street or highway within this state during the time from sunset to sunrise, and at any other time when there are unfavorable atmospheric conditions or when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of one thousand feet ahead, shall display lighted lights and illuminating devices as required by sections 4513.04 to 4513.37 of the Revised Code * * *." R.C. 4513.03(A) (emphasis added).
 {¶ 14} Ferry argues that the word "and," emphasized above, has a disjunctive, rather than a conjunctive force. In other words, Ferry's position is that this "and" should be read as meaning "or." Under Ferry's interpretation, the statute "permits a vehicle to be driven," without headlights, whenever "there is sufficient natural light to enable a driver to see persons, vehicles and objects on the highway at a distance of 1000 feet."
 {¶ 15} We reject, as did the municipal court, Ferry's interpretation of R.C. 4513.03(A). The plain meaning of the statute is that vehicles are required to be operated with headlights lighted between sunset and sunrise, and, in addition to this circumstance, when there are unfavorable atmospheric conditions or insufficient light to render persons and vehicles discernible at a distance of 1000 feet. *Page 5 
 {¶ 16} Ferry's interpretation of the statute is precluded by the fact that it would render the requirement to have headlights lighted from sunset to sunrise meaningless, since the existence of sufficient natural light would always stand as an exception to that requirement. As the Ohio Supreme Court has observed, "[i]n determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." Columbus-Suburban CoachLines, Inc. v. Pub. Utils. Comm. (1969), 20 Ohio St.2d 125, 127.[1]
 {¶ 17} The first assignment of error is without merit.
 {¶ 18} In the second assignment of error, Ferry challenges the constitutionality of R.C. 4513.03. Ferry maintains the phrase "from sunset to sunrise," as used in the Lighted Lights and Illuminating Devices Required statute, is unconstitutionally vague.
 {¶ 19} "It is well settled that [a] court will not reach constitutional issues unless absolutely necessary." State v. Talty,103 Ohio St.3d 177, 2004-Ohio-4888, at ¶ 9, citing In re Miller (1992),63 Ohio St.3d 99, 110, and Hall China Co. v. Pub. Util. Comm. (1977),50 Ohio St.2d 206, 210. In the present case, it is not absolutely necessary to address the constitutional issue raised on appeal. Ferry does not have standing to challenge the constitutionality of a statute for which he was not convicted. Assuming, arguendo, the Lighted Lights and Illuminating Devices Required statute is unconstitutionality vague, Trooper Coyne-Hall's stop of Ferry would have been proper under the "good faith exception" to the exclusionary rule.
 {¶ 20} Although initially stopped for violating R.C. 4513.03, this charge was dismissed by the court at the State's request. "To establish standing to challenge the *Page 6 
constitutionality of a legislative act, a party must show a direct interest in the ordinance of such a quality that his rights will be adversely affected by its enforcement." Kent v. Fuster, 11th Dist. No. 2003-P-0070, 2004-Ohio-3994, at ¶ 25 (citation omitted); Anderson v.Brown (1968), 13 Ohio St.2d 53, at paragraph one of the syllabus. "Where charges are dismissed, appellant's rights cannot be adversely affected by its enforcement as there is no remaining charge which might impact appellant's rights." Fuster, 2004-Ohio-3994, at ¶ 25.
 {¶ 21} Moreover, the alleged constitutional infirmity of R.C. 4513.03
is not a valid reason for granting Ferry's Motion to Suppress.
 {¶ 22} The Supreme Court of the United States has held that "application of the exclusionary rule properly has been restricted to those situations in which its remedial purpose is effectively advanced."Illinois v. Krull (1987), 480 U.S. 340, 347. "[B]ecause the purpose of the exclusionary rule is to deter police officers from violating the Fourth Amendment, evidence should be suppressed `only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.'" Id. at 348-349, citing United States v.Peltier (1975), 422 U.S. 531, 542.
 {¶ 23} "Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law. If the statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written." Id. at 349; Michigan v. DeFillippo
(1979), 443 U.S. 31, 38 ("Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses *Page 7 
speculation by enforcement officers concerning its constitutionality — with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.").
 {¶ 24} Accordingly, evidence will not be suppressed where the officer has acted in good faith, i.e. with "objectively reasonable reliance" on the constitutionality of the statute in question. Krull,480 U.S. at 355; United States v. Leon (1984), 468 U.S. 897, 919 (the exclusionary rule "cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity").
 {¶ 25} In the present case, there is no evidence, either in the record of the suppression hearing or on the face of the statute, that Trooper Coyne-Hall did not act in an objectively reasonable manner when she stopped Ferry for driving without lighted headlights after sunset.
 {¶ 26} The second assignment of error is without merit.
 {¶ 27} For the foregoing reasons, Ferry's assignments of error are without merit. The judgment of the Painesville Municipal Court, denying Ferry's Motion to Suppress, is affirmed. Costs to be taxed against the appellant.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Even if we were to substitute "or" for "and," the meaning of the statute would remain the same since both words are coordinating conjunctions joining clauses of equal importance and applicability. *Page 1