OPINION
{¶ 1} Appellant, Roderick Davie ("Mr. Davie") appeals the trial court's denial of his "motion for a new sentencing hearing." For the reasons that follow, we affirm.
 {¶ 2} STATEMENT OF FACTS AND PROCEDURAL HISTORY
 {¶ 3} On March 12, 1992, Mr. Davie was convicted for the 1991 aggravated murders of Tracy Jeffreys and John Coleman and was sentenced to death. Mr. Davie's convictions and sentences were upheld by this court and by the Supreme Court of Ohio. *Page 2 State v. Davie, 11th Dist. No. 92-T-4693, 1995 Ohio App. LEXIS 6064;State v. Davie (1997), 80 Ohio St.3d 311. Mr. Davie filed a number of motions for postconviction relief, which were all denied as well as a motion to reopen his direct appeal, which was also denied. State v.Davie, 11th Dist. No. 97-T-0175, 1998 Ohio App. LEXIS 4540, jurisdiction denied State v. Davie (1999), 84 Ohio St.3d 1483, motion for reconsideration denied, State v. Davie (1999), 85 Ohio St.3d 1411;State v. Davie, 11th Dist. No. 92-T-4693, 1995 Ohio App. LEXIS 6064;State v. Davie (Dec. 21, 2001), 11th Dist. No. 2000-T-0104; 2001 Ohio App. LEXIS 5842; Davie v. Mitchell (N.D. Ohio 2004), 324 F. Supp.2d 862.
 {¶ 4} On April 30, 2007, Mr. Davie filed a request for leave to file a "motion for a new sentencing hearing" on authority of the August 2, 2006 Supreme Court of Ohio decision of State v. Roberts, 110 Ohio St.3d 71,2006-Ohio-3665. In Roberts, the court found, inter alia, that the trial court erred in allowing the prosecutor to assist in the drafting of the sentencing opinion and did so in an ex parte manner. TheRoberts court remanded the case to the trial court for resentencing. Because Mr. Davie's trial was held before the same trial judge as inRoberts, Mr. Davie believed his rights were compromised and that he was entitled to a new sentencing hearing.[1]
 {¶ 5} The trial court overruled Mr. Davie's motion on two grounds: 1) that the Ohio Criminal Rules make no provision for a "motion for a new sentencing hearing," and 2) the prosecutor played no role in drafting the court's sentencing opinion; thus, the case is distinguishable fromRoberts. *Page 3 
 {¶ 6} Mr. Davie filed the instant appeal, raising one assignment of error: "The trial court erred in overruling Roderick Davie's motion for leave to file motion for new sentencing hearing and Davie's accompanying motion for new sentencing hearing."
 {¶ 7} Inapplicability of Crim.R. 33
 {¶ 8} At the outset, we note that Mr. Davie filed his "motion for new sentencing hearing" pursuant to Crim.R. 33 based upon alleged, assumed irregularities committed by the trial judge in permitting the prosecutor to aid him in the drafting of the sentencing entry. However, as the trial court so aptly noted, there is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing. Crim.R. 33, upon which Mr. Davie relies, only applies to motions for a new trial. A "motion for a new sentencing hearing" is an anomaly and does not fall within the purview of Crim.R. 33. Therefore, Mr. Davie's reliance on Crim.R. 33 is misplaced.
 {¶ 9} In essence, Mr. Davie is arguing an irregularity in the court's sentencing opinion. Thus, his motion must be construed as a petition for postconviction relief since "a criminal defendant who files a motion to vacate or correct his or her sentence on the ground that his or her constitutional rights have been violated necessarily embraces the postconviction relief statutes: `Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" State v.Foti, 11th Dist. No. 2006-L-138, 2007-Ohio-887, at ¶ 12-13, citing,State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. *Page 4 
 {¶ 10} Standard of Review
 {¶ 11} The standard of review for determining whether postconviction relief should have been afforded to a criminal defendant is an abuse of discretion. State v. Lesure, 11th Dist. No. 2006-L-139, 2007-Ohio-4381, at ¶ 10. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St. 2d 151,157.
 {¶ 12} Alleged Ex Parte Communications Between Trial Judge andProsecutor
 {¶ 13} Relying on Roberts, Mr. Davie assumes that the trial court used the prosecutor to draft the sentencing opinion in this case and thereby deprived him of his constitutional rights because the trial court is "charged by statute with the sole responsibility of personally preparing the [sentencing] opinion." See Roberts at ¶ 159. As a capital defendant, he maintains that he was entitled to have the trial court strictly comply with the sentencing process set forth in R.C. 2929.03(F) without relying on ex parte communications with the prosecutor.
 {¶ 14} The Roberts decision to remand the case for resentencing was premised on the fact demonstrated in the record before the court that the trial court delegated its responsibility in drafting the sentencing opinion to the prosecutor and that it was done so in an ex parte manner. The Roberts court underscored this point as follows:
 {¶ 15} "The trial court's delegation of any degree of responsibility in this sentencing opinion does not comply with R.C. 2929.03(F). Nor does it comport with our firm belief that the consideration and imposition of death are the most solemn of all the *Page 5 
duties that are imposed on a judge, as Ohio courts have also recognized. * * * The judge alone serves as the final arbiter of justice in his courtroom, and he must discharge that austere duty in isolation. The scales of justice may not be weighted even slightly by one with an interest in the ultimate outcome. Given the prosecutor's direct role in the preparation of the sentencing opinion, we cannot conclude that the proper process was followed here." Roberts at ¶ 160 (citations omitted.)
 {¶ 16} "That conclusion is compelled particularly in light of the trial court's ex parte communications about sentencing with the prosecutor in preparing the sentencing opinion. * * * Both the trial judge and the prosecutor should have known that any ex parte assistance in the preparation of the court's sentencing opinion was wholly inconsistent with these vital ethical constraints." Id. at ¶ 161.
 {¶ 17} Unlike the fact pattern established in the record inRoberts, in this case, the trial court specifically stated that it did not rely on the prosecutor's assistance in drafting the sentencing opinion. In its entry, the trial court wrote: "[Defendant's arguments, as based on Roberts * * * are inapposite in this case, because, in this case, the prosecutor played no role whatsoever in drafting the opinion of the court filed of record on March 25, 1992. That opinion was drafted by this trial judge in its entirety, as were any other pleadings relating to Mr. Davie's sentence."
 {¶ 18} Therefore, this case is factually distinguishable fromRoberts. Unlike the instant case, where the judge stated that there was absolutely no participation by the prosecutor in the drafting of the sentencing entry, in Roberts there was direct evidence of ex parte involvement by the prosecutor without the knowledge of defense counsel. As noted by the Roberts court: "The trial judge conceded that the prosecution had *Page 6 
participated in the drafting of the opinion without the knowledge of defense counsel. The trial judge stated that he had given notes to the prosecutor and had instructed the prosecutor, `[T]his is what I want.'" The court added that the opinion had to be corrected six or seven times. The trial judge apologized to defense counsel for not providing them with a copy of the opinion before the sentencing hearing." Id. at ¶ 155.
 {¶ 19} Because the trial court in this case did not rely on the prosecutor's help in drafting its sentencing entry nor engaged in any ex parte communications with the prosecutor, Mr. Davie's argument that there was an "impermissible collaboration" between the state and the trial court in the drafting of the sentencing entry is unfounded postulation. Mr. Davie has offered no evidence whatsoever to support the allegation that there were irregularities that may have tainted the sentencing procedure. In Roberts, defense counsel objected on the record to the prosecutor's ex parte involvement. Id. at ¶ 154. Here, not only was there no objection made at the sentencing hearing, but the record is completely silent that there even was an ex parte communication. The fact that the same trial judge was involved in both cases does not support the implication that because the trial judge engaged in ex parte communications in Roberts, he must have done so in this case.
 {¶ 20} We conclude that under these circumstances, where there was no proof of any irregularities of the type present in Roberts, that the trial court acted within its discretion in refusing to grant Mr. Davie relief.
 {¶ 21} Right to Allocution
 {¶ 22} Mr. Davie also argues that he was deprived his right to allocution. The right to allocution "imposes a mandatory duty upon the trial court to unambiguously *Page 7 
address the defendant and provide him or her with the opportunity to speak before sentencing." State v. Brown, 166 Ohio App.3d 252,2006-Ohio-1796, at ¶ 8, citing State v. Green (2000), 90 Ohio St.3d 352,359. Crim.R. 32(A)(1) affords the right to allocution and requires the trial court, before imposing sentence in a criminal trial, to "address the defendant personally" and "ask whether [the defendant] wishes to make a statement on [his or] her own behalf or present any information in mitigation of punishment." Roberts at ¶ 166. "The requirement of allocution is considered fulfilled where the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence." Brown
at ¶ 8.
 {¶ 23} The issue of whether the trial court afforded Mr. Davie the right to allocution should have been raised in Mr. Davie's direct appeal. "A defendant is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction." State v.Williams, 11th Dist. No. 97-T-0153, 1998 Ohio App. LEXIS 4884, at 5, citing State v. Perry (1967), 10 Ohio St. 2d 175, paragraph nine of the syllabus. Consequently, because Mr. Davie did not raise this issue in his direct appeal, he is precluded from raising this issue at this late juncture.
 {¶ 24} Nevertheless, Mr. Davie's argument that he was not given the opportunity to speak lacks merit. The record demonstrates that the trial court complied with Crim.R. 32 and afforded Mr. Davie the right to allocution. Prior to sentencing, the court asked Mr. Davie and his counsel: "Would counsel and the Defendant please rise? Is there anything that is to be said before sentence is pronounced in this matter?" Neither Mr. *Page 8 
Davie nor his counsel responded. Because the trial court gave Mr. Davie the opportunity to speak prior to sentencing, it afforded him the right to allocution.
 {¶ 25} Mr. Davie's assignment of error is overruled.
 {¶ 26} The judgment of the Trumbull County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] For further support, Mr. Davie relies on a "statement" made by the trial judge in the Roberts case where he said that he relied on the assistance of prosecutors in typing such entries. The "statement" was made in chambers, but transcribed. *Page 1