[Cite as *State v. Lorraine*, 2018-Ohio-3325.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0028** |
| CHARLES L. LORRAINE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 86 CR 182.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Charles L. Morrow*, *LuWayne Annos*, and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender; *Randall L. Porter* and *Adrienne M. Larimer*, Assistant Ohio Public Defenders, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308; and *Marc S. Triplett*, 332 South Main Street, Bellefontaine, OH 43311 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Charles L. Lorraine, appeals from the March 2, 2017 judgment entry of the Trumbull County Court of Common Pleas, denying his "Motion for Leave to File a Motion for New Mitigation Trial." The trial court's judgment is affirmed.

{¶2} Appellant was charged with various crimes, including aggravated murder, in 1986. The charges stemmed from the stabbing deaths of Raymond and Doris

Montgomery. Appellant had befriended the Montgomerys, who hired him to do small tasks at their home. At the time of the murders, Mr. Montgomery was 77 years of age; Mrs. Montgomery was 80 years of age and bedridden.

{¶3} On the evening of May 5, 1986, appellant went to the Montgomery home and told Mr. Montgomery he had left an item in an upstairs room. When they reached the room, appellant attacked Mr. Montgomery from behind and stabbed him five times, killing him. Appellant then went to Mrs. Montgomery's room and stabbed her nine times, killing her. Appellant burglarized the home before he retired to a local tavern, where he bragged to friends about the killings. He and one of the friends then broke into a nearby house, stealing money and a car, before returning to the Montgomery home for further looting.

{¶4} The following day, while at the police station on other business, appellant confessed the murders to the police.

{¶5} On May 9, 1986, the Trumbull County Grand Jury returned a multi-count indictment against appellant. Relevant to this appeal are Counts One through Four. Counts One and Three were for the aggravated murder of Mrs. Montgomery; Counts Two and Four were for the aggravated murder of Mr. Montgomery. All four counts carried two death penalty specifications pursuant to former R.C. 2929.04(A)(5) & (7): that the aggravated murders were committed while committing aggravated robbery and in a course of conduct involving the purposeful killing of two or more people.

{¶6} The case came on for trial in the fall of 1986. The jury returned its verdict on November 19, 1986, finding appellant guilty on each count of aggravated murder and each death penalty specification. The sentencing phase ensued. The trial court removed Counts Three and Four from the jury's consideration. On December 4, 1986, a

2

unanimous jury found the aggravating circumstances of the murders outweighed any mitigating factors by proof beyond a reasonable doubt and recommended the death sentence be imposed. After independently weighing the aggravating circumstances and mitigating factors, the trial court imposed the death sentence upon appellant. On December 9, 1986, the trial court issued its sentencing opinion.

{¶7} This court affirmed appellant's convictions and death sentence on August 10, 1990. *State v. Lorraine*, 11th Dist. Trumbull No. 3838, 1990 WL 116921 (Aug. 10, 1990). The Ohio Supreme Court affirmed our decision in *State v. Lorraine*, 66 Ohio St.3d 414 (1993), and the United States Supreme Court denied certiorari in *Lorraine v. Ohio*, 510 U.S. 1054 (1994).

{¶8} On September 30, 1994, appellant filed a postconviction relief petition, pursuant to former R.C. 2953.21, which the trial court denied. This court affirmed the trial court's decision in *State v. Lorraine*, 11th Dist. Trumbull No. 95-T-5196, 1996 WL 207676 (Feb. 23, 1996), and appellant appealed our decision to the Ohio Supreme Court.

{¶9} On April 10, 1996, while the foregoing appeal was still pending before the Ohio Supreme Court, appellant filed a motion for relief from the trial court's judgment that denied his petition for postconviction relief, pursuant to Civ.R. 60(B). The trial court overruled appellant's Civ.R. 60(B) motion. This court reversed that decision because the trial court was without jurisdiction while the appeal was pending. *State v. Lorraine*, 11th Dist. Trumbull No. 96-T-5494, 1997 WL 799551 (Dec. 12, 1997).

{¶10} Upon remand, the trial court granted appellant's Civ.R. 60(B) motion for relief from judgment and reactivated the case for disposition of appellant's petition for postconviction relief. The trial court subsequently denied, for a second time, the petition

3

for postconviction relief. This court affirmed that decision in *State v. Lorraine*, 11th Dist. Trumbull No. 99-T-0060, 2000 WL 1262447 (Sept. 1, 2000).

{¶11} Appellant then raised his postconviction issues in the United States District Court for the Northern District of Ohio in a petition for writ of habeas corpus. The district court granted habeas relief and set aside appellant's death sentence; the Sixth Circuit Court of Appeals reversed that ruling and reinstated the death sentence. *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir.2002). The United States Supreme Court denied certiorari. *Lorraine v. Coyle*, 538 U.S. 947 (2003).

{¶12} On June 9, 2003, appellant filed a second petition for postconviction relief in the trial court, alleging a claim of mental retardation under *Atkins v. Virginia*, 536 U.S. 304 (2002), which the trial court denied. This court reversed the trial court's ruling and ordered the trial court to conduct a full evidentiary hearing on remand and to appoint experts to evaluate whether appellant is, in fact, mentally retarded. *State v. Lorraine*, 11th Dist. Trumbull No. 2003-T-0159, 2005-Ohio-2529.

{¶13} Upon remand, the trial court ordered that appellant's institutional mental health records be unsealed. This court affirmed that decision in *State v. Lorraine*, 11th Dist. Trumbull No. 2006-T-0100, 2007-Ohio-6724. The matter was set for an evidentiary hearing. Appellant appeared in court, with counsel, and informed the trial court that he wished to waive his right to the hearing; the trial court accepted appellant's written waiver. The trial court subsequently found that appellant was not mentally retarded under *Atkins* and denied appellant's second petition for postconviction relief on March 1, 2010. Appellant did not file a notice of appeal from that entry.

**{¶14}** On January 11, 2017, appellant filed a "Motion for Leave to File a Motion for New Mitigation Trial," which is the subject of the instant appeal. The arguments raised in this motion are based on a recent opinion of the United States Supreme Court, *Hurst v. Florida*, ___ U.S. ___, 136 S.Ct. 616 (2016).[1] The *Hurst* Court held Florida's death penalty sentencing scheme violated the Sixth Amendment right to have a jury, not a judge, find the facts that support the decision to sentence a defendant to death. *Id.* at 622, applying *Ring v. Arizona*, 536 U.S. 584 (2002) and citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Appellant argues Ohio's death penalty sentencing scheme similarly violates the Sixth Amendment.

**{¶15}** Appellant asserted the trial court should grant him leave to file a delayed motion for a "new mitigation trial," under Crim.R. 33(A)(1), (4), and (5), because he "could not have anticipated" the holding in *Hurst* and, thus, "could not have filed his motion for new trial within fourteen days of the imposition of sentence." Appellee responded, in part, that Crim.R. 33 is not designed for the relief sought by appellant, i.e. a "new mitigation trial," and that the trial court should construe the motion as a petition for postconviction relief under R.C. 2953.21.

**{¶16}** The trial court denied the motion on March 2, 2017. The trial court found the motion was time barred, whether considered pursuant to Crim.R. 33 or R.C. 2953.21. The trial court further found the motion was substantively meritless and that Ohio's death penalty scheme is sufficiently different from what was invalidated in *Hurst* to survive constitutional scrutiny.

---

1. On January 12, 2017, appellant brought the same arguments before the Ohio Supreme Court in a "Motion for Relief Pursuant to Supreme Court Rule of Practice 4.01." The motion was summarily denied on March 15, 2017. *See 03/15/2017 Case Announcements*, 2017-Ohio-905.

{¶17} Appellant filed a timely appeal and raises one assignment of error for our review:

{¶18} "The trial court erred when it denied Lorraine's motion for leave to file his motion for a new trial."

{¶19} Appellant first argues the trial court misconstrued the applicable law concerning whether his motion was timely filed. This argument raises an issue of law we review de novo. *See, e.g., State v. Fortune*, 11th Dist. Lake No. 2014-L-117, 2015-Ohio-4019, ¶16 (citation omitted).

{¶20} Appellant asserts his proposed "Motion for a New Mitigation Trial" is based on the provisions in Crim.R. 33(A), which governs motions for new trial. The timeliness of motions for new trial is governed by Crim.R. 33(B), which states:

> Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶21} The jury verdict in appellant's case was rendered in 1986; thus, the trial court was required to determine whether appellant was "unavoidably prevented" from filing his motion within fourteen days of the verdict. The trial court did not engage in this analysis. It instead stated: "[T]he Court finds the motion is untimely. Pursuant to Crim.R. 33(B), motions such as this must be filed within fourteen days after the verdict was rendered. Lorraine is entirely outside this time frame. Therefore, the Court finds no basis on which to grant leave to file a request under Crim.R. 33."

6

**{¶22}** We agree with appellant that the trial court did not engage in the proper analysis regarding the timeliness of a delayed motion for new trial, pursuant to Crim.R. 33(B). *See State v. Trimble*, 11th Dist. Trumbull No. 2013-P-0088, 2015-Ohio-942, ¶18 (without a determination of whether appellant was "unavoidably prevented," this court is left with an insufficient record to review).

**{¶23}** We conclude, however, that this error was harmless, as the basis for appellant's motion—to wit, an alleged constitutional violation that occurred during the sentencing proceedings—is not appropriately raised in a Crim.R. 33 motion for new trial.

**{¶24}** In *Davie*, this court held "there is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing." *State v. Davie*, 11th Dist. Trumbull No. 2007-T-0069, 2007-Ohio-6940, ¶8. Appellant argues this court subsequently ruled otherwise, with respect to the propriety of seeking sentencing relief in a motion for new trial, in *State v. Jackson*, 190 Ohio App.3d 319, 2010-Ohio-5054 (11th Dist.).

**{¶25}** In *Jackson*, the defendant filed a "Motion for New Trial and/or Sentencing Hearing." The trial court denied this motion because the motion for new trial was untimely under Crim.R. 33(B) and because there is no provision in the Ohio Criminal Rules for a new sentencing hearing. On appeal, this court reversed the trial court's judgment and remanded the case for the trial judge to "personally review and evaluate the appropriateness of the death penalty, prepare an entirely new sentencing entry as required by R.C. 2929.03(F), and conduct whatever other proceedings are required by law and consistent with this opinion." *Id.* at ¶29, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶167.

7

{¶26} However, this court neither relied on nor overruled *Davie* in that decision because the cases were distinguishable: our holding in *Jackson* was not based on the applicability of Crim.R. 33, but on the Ohio Supreme Court's holding in *Roberts*. *Id.* at ¶28-29. In *Roberts*, the Ohio Supreme Court had vacated the defendant's death sentence due to improper ex parte communication between the prosecution and the trial court judge. Because the trial court judge had admitted in an affidavit that the same drafting procedures and ex parte communication involving the sentencing entry that had occurred in *Robert*s also took place in *Jackson*, that defendant was entitled to the same relief the Ohio Supreme Court had afforded the defendant in *Roberts*. *Id.* at ¶29; *see also id.* at ¶43 (Cannon, Trapp, JJ., concurring) ("Based on the holding in *Roberts* as well as the trial judge's affidavit opposing disqualification filed in this case, * * * the only proper disposition of this matter is for the trial court to proceed with resentencing.").

{¶27} Appellant's argument is not well taken; our holding in *Davie* was not compromised by our holding in *Jackson*. There is no provision in Crim.R. 33, or in any Ohio Criminal Rule, that provides for a new sentencing hearing. *Davie*, *supra*, at ¶8. Appellant cannot escape the fact that Crim.R. 33 is not the proper vehicle to obtain the relief he seeks by captioning his motion, "Motion for New Mitigation Trial," when it is, in fact, a motion for a new sentencing hearing.

{¶28} We further note that, even if Crim.R. 33 was the proper vehicle, appellant could not succeed on his motion for leave to file a delayed motion for new trial. Appellant argues he was "unavoidably prevented" from filing a timely motion because the basis for his motion, *Hurst v. Florida*, was decided 30 years after he was sentenced to death. Appellant, however, was also required to file his motion for leave within a "reasonable

8

time" after discovering the basis for his motion. *See State v. Elersic*, 11th Dist. Lake No. 2007-L-104, 2008-Ohio-2121, ¶25-29, quoting *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *3-4 (Apr. 6, 2001) (emphasis sic) ("'Although Crim.R. 33(B) is silent regarding a time limit for the filing of a motion for leave to file a delayed motion for new trial * * * a trial court may require a defendant to file his motion for leave to file a motion for new trial *within a reasonable time*.'"). Appellant did not meet this requirement, as he did not file his motion for leave until one year after the *Hurst* decision was issued.

{¶29} After finding appellant's motion untimely under Crim.R. 33, the trial court construed the motion as a petition for postconviction relief, pursuant to R.C. 2953.21. "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *see also Davie, supra*, at ¶9, quoting *State v. Foti*, 11th Dist. Lake No. 2006-L-138, 2007-Ohio-887, ¶12 ("'a criminal defendant who files a motion to vacate or correct his or her sentence on the ground that his or her constitutional rights have been violated necessarily embraces the postconviction relief statutes'").

{¶30} The postconviction relief statutes provide, in relevant part:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

R.C. 2953.21(A)(1)(a); *see also* R.C. 2953.21(A)(3) ("a person who has been sentenced to death may ask the court to render void or voidable * * * the sentence of death").

{¶31} At the time appellant was convicted and sentenced to death, the postconviction relief statute did not contain any time limitation for filing. Effective September 21, 1995, R.C. 2953.21 was amended to provide that a petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication," or, if no appeal is taken, "no later than one hundred eighty days after the expiration of the time for filing the appeal." Former R.C. 2953.21(A)(2).[2] Petitioners who were sentenced prior to the amendment were required to file their petition within one year from September 21, 1995, the effective date of the amendment. *State v. Moore*, 4th Dist. Pike No. 01CA674, 2002-Ohio-5748, ¶10; *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶15; *State v. Burke*, 10th Dist. Franklin No. 02AP-677, 2002-Ohio-6840, ¶6-8 (all citing Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7826); *see also State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 & 2017-P-0009, 2017-Ohio-8440, ¶27.

{¶32} A convicted offender may file an untimely or a successive petition for postconviction relief when, as is relevant here, both of the following apply:

> (a) * * * [T]he United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, * * * but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1) (formerly R.C. 2953.23(A)(1)(b) & (A)(2)).

---

2. The statute currently provides for three hundred sixty-five days.

**{¶33}** Here, the trial court stated: "In addition, if the Court were to construe Lorraine's motion as a post-conviction relief request pursuant to R.C. 2953.21, the Court finds no basis on which to grant such a request. The Court finds such a post-conviction request would be time barred as the request was filed well beyond the 180-day statutory period."

**{¶34}** Again, the trial court did not engage in the proper analysis regarding the timeliness of the motion, even when construed as a petition for postconviction relief, because it applied the wrong time limitation for filing and it did not review the exceptions to timeliness outlined in R.C. 2953.23(A). We again conclude, however, that this error was harmless.

**{¶35}** First, appellant has not raised this error on appeal, instead insisting his motion was not a petition for postconviction relief and should not be construed as such. Because he has repeatedly emphasized before the trial court and on appeal that his motion was only intended to be considered as a Crim.R. 33 motion for new trial, we agree to proceed on that basis. *See State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993.

**{¶36}** We further recognize, however, that appellant's insistence in this regard appears to be an effort to avoid the retroactivity requirement found in R.C. 2953.23(A)(1)(a). In other words, appellant's motion could only be successful, when construed as a petition for postconviction relief, if *Hurst v. Florida* recognized a new federal right that applies retroactively to persons in appellant's situation.

**{¶37}** A new rule issued by the United States Supreme Court is not retroactively applicable to cases on collateral review unless the United States Supreme Court expressly holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). "In *Tyler*,

11

the Court acknowledged that, 'with the right combination of holdings,' it could 'make a rule retroactive over the course of two cases.'" *In re Zambrano*, 433 F.3d 886, 888 (D.C.Cir.2006), quoting *Tyler*, *supra*, at 666. This is only possible, however, "if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler*, *supra*, at 666.

{¶38} Here, the United States Supreme Court did not expressly hold that *Hurst v. Florida* was to be applied retroactively to cases on collateral review. Additionally, the holding in *Hurst* was an application of *Ring*, which held that capital defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Ring*, *supra*, at 589; *see Hurst*, *supra*, at 622 ("In light of *Ring*, we hold that Hurst's sentence violates the Sixth Amendment.).." And the United States Supreme Court has expressly held that *Ring* does *not* apply retroactively to cases on collateral review:

> The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart. *Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review.

*Schriro v. Summerlin*, 542 U.S. 348, 358 (2004); *see also Holmes v. Neal*, 816 F.3d 949, 954 (7th Cir.2016). Thus, the possibility of a "*Tyler* two-step" does not assist appellant in his attempt to retroactively apply the holding in *Hurst* to a collateral review of his sentence. *See Zambrano*, *supra*, at 888.

**{¶39}** Appellant's final issue presented for our review is whether the trial court erred in holding that Ohio's death penalty scheme does not violate a defendant's right to a jury trial, as presented in *Hurst*. In that regard, the trial court stated:

> Even if the Court did not find the requests were time barred as explained herein, the Court finds the reliance of Lorraine upon the *Hurst v. Florida*, 136 S. Ct. 616 (2016), decision is misplaced. '*Hurst*, *** does not invalidate Ohio's capital sentencing scheme because Ohio's scheme is materially different from Florida's.' *McKnight v. Bobby*, S.D.Ohio No. 2:09-CV-059, 2017 WL 631411, *3-4. In fact, the Ohio mechanism provides an additional layer of protection not present in *Hurst*. Id. Indeed, 'Ohio's capital-sentencing scheme is unlike the laws at issue in *Ring* and *Hurst*.' *State v. Belton*, 2016-Ohio-1581, ¶59.

**{¶40}** Appellant asserts the trial court's reliance on *McKnight* and *Belton* is misplaced. It is well settled, however, that a reviewing "'court will not reach constitutional issues unless absolutely necessary.'" *State v. Ferry*, 11th Dist. Lake No. 2007-L-217, 2008-Ohio-2616, ¶19, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶9, citing *In re Miller*, 63 Ohio St.3d 99, 110 (1992) and *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210 (1977). Based on our determinations above, it is not absolutely necessary to address this constitutional issue, and we therefore decline to do so. We further note, however, that the Ohio Supreme Court recently rejected this argument in *State v. Mason*, Slip Opn. No. 2018-Ohio-1462: "Ohio law requires the critical jury findings that were not required by the laws at issue in *Ring* and *Hurst*. *See* R.C. 2929.03(C)(2). Ohio's death-penalty scheme, therefore, does not violate the Sixth Amendment." *Id.* at ¶21.

**{¶41}** Appellant's sole assignment of error is without merit.

**{¶42}** The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.

COLLEEN MARY O'TOOLE, J., concurs in judgment only,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶43} I concur in the writing judge's conclusion and analysis that Lorraine could not prevail on a postconviction petition and that his Crim.R. 33 motion for a new trial must be denied. I write separately, however, to clarify the grounds on which denial of the Crim.R. 33 motion was proper in this case.

{¶44} The writing judge concludes that the motion for a new trial was not a proper mechanism for relief because Crim.R. 33 does not provide a provision for seeking a new sentencing hearing, relying on this court's decision in *State v. Davie*, 11th Dist. Trumbull No. 2007-T-0069, 2007-Ohio-6940. In *Davie*, this court held that a Crim.R. 33 motion was not the appropriate mechanism to seek a new sentencing hearing in a death penalty matter where there was an alleged irregularity in the trial court's sentencing entry. In the present case, Lorraine is not seeking a new "sentencing hearing." Rather, he is seeking a new hearing of the penalty portion of the trial, which is of a different character than a typical sentencing hearing, since it involves a jury's weighing of mitigating and aggravating factors and making only a *recommendation* of a death sentence to the trial court. R.C. 2929.03(D)(2).

{¶45} The foregoing procedure has been referred to as the "penalty phase[] of the [defendant's] trial" and it has been noted that reversal based on a sentencing error on the

14

part of the trial judge when issuing a sentence "does not invalidate the jury's *verdict* recommending a death sentence." (Emphasis added.) *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶ 25 and 48. Courts have allowed a defendant to be granted a new penalty phase hearing under Crim.R. 33. *See State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 8-9.

**{¶46}** Regardless, denial of the motion for a new trial was proper since it is evident that Lorraine was not "unavoidably prevented" from filing his motion until January 11, 2017. Lorraine's argument in favor of granting a new mitigation trial was that he was entitled to a hearing following the procedures described in the recent United States Supreme Court decision in *Hurst v. Florida*, ___ U.S. ___, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and that judicial fact-finding cannot be the sole basis for imposing a death sentence. It has been held, however, that a defendant could have raised the same arguments years prior to the decision in *Hurst* by relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). *State v. Mundt*, 7th Dist. Noble No. 17 NO 0446, 2017-Ohio-7771, ¶ 9. It is worth noting as well that Lorraine did not file his motion until a year after the *Hurst* decision was issued. Thus, there was no evidence of unavoidable delay, from a legal standpoint, for the failure to raise the arguments Lorraine now sets forth.

**{¶47}** For the foregoing reasons, I concur in judgment only.