[Cite as *State v. Nelson*, 2019-Ohio-1075.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellee,          :

v.                                             :

Jeffrey Nelson,                                :

      Defendant-Appellant.         :

No. 18AP-659
(C.P.C. No. 89CR-4943)

(ACCELERATED CALENDAR)

### D E C I S I O N

Rendered on March 26, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Jeffrey Nelson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Jeffrey Nelson, from a judgment of the Franklin County Court of Common Pleas denying his motion to correct void judgment.

{¶ 2} In 1991, appellant was convicted of aggravated murder and aggravated robbery. The following background facts are taken primarily from this court's decision in *State v. Nelson,* 10th Dist. No. 11AP-720, 2012-Ohio-1918. On November 21, 1989, appellant was indicted on two counts of aggravated murder, three counts of aggravated robbery, four counts of kidnapping, one count of receiving stolen property, and one count of possession of a dangerous ordnance. Nine of the counts also carried firearm specifications. The charges arose out of the "robbery of a Bob Evans restaurant and the

murder of Ralph C. Webster." *Id.* at ¶ 2. Appellant was under 18 years of age at the time of the crimes, and the juvenile court "bound him over for prosecution as an adult." *Id.*

{¶ 3} In February 1991, appellant entered a guilty plea to one count of aggravated murder with specifications, and two counts of aggravated robbery. In accordance with the guilty plea, the trial court sentenced appellant to "life imprisonment with no parole eligibility for 23 years on the aggravated murder charge and firearm specification, as well as concurrent sentences of 6 to 25 years of incarceration on each of the aggravated robbery charges, to be served consecutively to the sentence for aggravated murder." *Id.* at ¶ 3.

{¶ 4} On May 15, 2006, appellant filed a petition for post-conviction relief. By entry filed on June 14, 2006, the trial court denied appellant's petition.

{¶ 5} On May 19, 2011, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. By decision and entry filed August 16, 2011, the trial court denied appellant's motion, finding he "failed to establish that the trial court lacked subject-matter jurisdiction to accept his guilty plea and that his claim for ineffective assistance of counsel was moot." *Id.* at ¶ 4. Appellant appealed that decision, and in *Nelson* this court affirmed the judgment of the trial court.

{¶ 6} On November 17, 2016, appellant filed a "motion for return bindover." By entry filed December 7, 2016, the trial court denied the motion, holding the motion constituted an untimely petition for post-conviction relief and that it was barred by the doctrine of res judicata.

{¶ 7} On March 20, 2017, appellant filed a "motion for de novo resentencing." By decision and entry filed August 7, 2017, the trial court denied appellant's motion. Appellant filed a motion for leave to file a delayed appeal and this court, by journal entry filed September 26, 2017, denied the motion for leave and dismissed the appeal. In reaching that determination, this court noted that, while appellant's "motion for 'de novo resentencing' arose out of appellant's criminal conviction, the motion gave rise to post-conviction proceedings that were civil, rather than criminal, in nature." (Jan. 26, 2018 Jgmt. Entry.)

{¶ 8} On July 30, 2018, appellant filed a "motion to correct void judgment." In the accompanying memorandum in support, appellant argued the juvenile court failed to

hold an amenability hearing prior to sending the case to the general division in accordance with R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b). On August 8, 2018, the state filed a memorandum contra appellant's motion. By decision and entry filed August 9, 2018, the trial court denied appellant's motion.

{¶ 9} On appeal, appellant, pro se, sets forth the following three assignments of error for this court's review:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GIVE APPELLANT THE OPPORTUNITY TO RESPOND TO THE PLAINTIFF'S MOTION IN OPPOSITION.
>
> [II.] COUNSEL WAS WHOLLY INEFFECTIVE FOR SANCTIONING APPELLANT TO ENTER INTO AN UNINTELLIGENT AND UNKNOWINGLY PLEA OF GUITLY TO SERIOUS CHARGES WITHOUT AN ANAMENABILITY [SIC] HEARING.
>
> [III.] APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE CAUSE OF LAW IN ACCORDANCE WITH ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 10} Appellant's three assignments of error, all presenting arguments going to the merits of his motion to correct void judgment, are interrelated and will be addressed together. Under the first assignment of error, in which he argues the trial court erred in failing to afford him a full opportunity to respond to plaintiff-appellee's, State of Ohio, memorandum in opposition, appellant contends he "could not decipher what was in his best interest" at the time of his guilty plea because of defense counsel's "failure to explain fully in laymen's terms of the consequences of the unintelligent [plea] entered." (Appellant's Brief at 4.) Similarly, under the second assignment of error, appellant argues defense counsel failed to fully explain the consequences of his plea. Under the third assignment of error, appellant contends he was entitled to an amenability hearing based on the Supreme Court of Ohio's decision in *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, ¶ 31 ("*Aalim I*"), *reconsidered and vacated*, 150 Ohio St.3d 489, 2017-Ohio-2956, in which the court held "the mandatory transfer of juveniles to the general division

of a common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution."

{¶ 11} At the outset, we agree with the state's contention that appellant's motion to vacate void judgment, in which he asserts a due process violation for failure of the juvenile court to hold an amenability hearing prior to bindover, is properly construed as a petition for post-conviction relief. *See State v. Moore,* 2d Dist. No. 2013 CA 97, 2014-Ohio-4411, ¶ 21 (appellant's claim that the juvenile court did not properly obtain a waiver of his amenability hearing raises a constitutional challenge to bindover procedure, and such argument "falls within the scope of the post-conviction relief statute and the requirements contained therein"). *See also State v. Campbell,* 10th Dist. No. 12AP-109, 2012-Ohio-5195, ¶ 6 (trial court did not err in construing appellant's motion, although titled as one for relief from judgment, pursuant to Civ.R. 60(B), as a petition for post-conviction relief where such motion was filed after appellant's opportunity to file a direct appeal expired, claimed a denial of his constitutional rights, and sought to render his conviction void).

{¶ 12} In general, a trial court "lacks jurisdiction to entertain a petition filed after the time limits of R.C. 2953.21(A)(2)." *State v. Myers,* 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 28. Prior to 1995, and the passage of Am.Sub.S.B. No. 4 ("S.B. 4"), Ohio's post-conviction relief statute "allowed the petitioner to file a postconviction petition 'at any time' after his conviction." *State v. Pettis,* 8th Dist. No. 100851, 2014-Ohio-3147, ¶ 8. However, "[e]ffective September 21, 1995, R.C. 2953.21 was amended to provide that a petition 'shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication,' or, if no appeal is taken, 'no later than one hundred eighty days after the expiration of the time for filing the appeal.' " *State v. Lorraine,* 11th Dist. No. 2017-T-0028, 2018-Ohio-3325, ¶ 31, quoting former R.C. 2953.21(A)(2). Further, "[p]etitioners who were sentenced prior to the amendment were required to file their petition within one year from September 21, 1995, the effective date of the amendment." *Id.*

{¶ 13} For purposes of the instant case, because appellant was sentenced prior to the effective date of S.B. 4, he was required to file his petition for post-conviction relief "by September 21, 1996, one year after the effective date of S.B. 4." *Pettis* at ¶ 11. Thus, as

argued by the state, appellant's petition, filed on July 30, 2018, was brought well beyond the statutory deadline.

{¶ 14} Under Ohio law, a trial court may not entertain an untimely or second post-conviction petition "unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." *State v. Chavis,* 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 9, citing R.C. 2953.23(A)(1)(a). Further, "[i]f the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty." *Id.,* citing R.C. 2953.23(A)(1)(b).

{¶ 15} In the present case, appellant has not demonstrated he was unavoidably prevented from discovering the facts on which his claim depended, nor has he asserted any new federal or state right recognized by the United States Supreme Court that would retroactively apply since the time for filing the claim expired. Thus, the trial court lacked jurisdiction to consider the untimely petition.

{¶ 16} Even assuming appellant's petition had been timely, we would agree with the state's contention the petition is barred by res judicata. Under this doctrine, "a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Davis,* 7th Dist. No. 11-MA-53, 2012-Ohio-4112, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶ 17} Here, as noted by the state, the arguments raised by appellant were based on matters apparent from the record and that could have been raised on appeal. Further, appellant raised similar arguments in his 2016 motion for return bindover. Specifically, in that motion, appellant argued that "a Hearing was never held to come to [a] finding of unamendability [sic]." In its decision and entry filed November 17, 2016, the trial court held appellant's motion constituted an untimely petition for post-conviction relief and was barred by the doctrine of res judicata. The trial court further found appellant's claim lacked merit as "a bindover hearing was previously conducted, and this case was properly

transferred for prosecution of Defendant as an adult in this Court." (Dec. 7, 2016 Decision & Entry at 2.) Finally, the court held R.C. 2152.121 was "not applicable in any event as Defendant's conviction was final twenty years prior to the effective date of the statute." (Dec. 7, 2016 Decision & Entry at 2.)

{¶ 18} We also find unpersuasive appellant's reliance on *Aalim I* in support of his petition, as the Supreme Court has "since vacated *Aalim I* and held that the mandatory-transfer statutes are not unconstitutional." *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, ¶ 1, citing *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956 ("*Aalim II*"). Specifically, in *Aalim II,* the Supreme Court granted the state's motion for reconsideration and held "the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Id.* at ¶ 38.

{¶ 19} Based on the foregoing, appellant's three assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____