**[Cite as *State v. Chinn*, 2020-Ohio-43.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28345 |
| | : | |
| v. | : | Trial Court Case No. 1989-CR-768 |
| | : | |
| DAVEL V. CHINN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 10th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MELISSA JACKSON, Atty. Reg. No. 0077833 and RACHEL TROUTMAN, Atty. Reg. No. 0076741, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Davel Chinn appeals from an order of the Montgomery County Common Pleas Court denying his motion for a new sentencing phase of his capital trial.   For the reasons set forth below, we affirm.

## I.      Facts and Course of the Proceedings

{¶ 2} In March 1989, Chinn was indicted for the aggravated murder of Brian Jones. Count One of the indictment charged Chinn with purposely causing the death of Jones during the commission of an aggravated robbery.   That count also carried the following three death penalty specifications: 1) that the aggravated murder was committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense (R.C. 2929.04(A)(3)), 2) that the aggravated murder occurred during the course of an aggravated robbery and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design (R.C. 2929.04(A)(7)), and 3) that the offense was committed during the course of a kidnapping and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design (R.C. 2929.04(A)(7)). Chinn was also indicted on three counts of aggravated robbery (Counts Two, Four, and Five), one count of kidnapping (Count Three), and one count of abduction (Count Six). Each count of the indictment carried a firearm specification, and counts two through six carried a prior felony specification.

{¶ 3} Following the guilt phase of the trial, a jury convicted Chinn on all counts and

specifications tried before it.[1]   After the sentencing phase, the jury recommended the death penalty for the aggravated murder.   The court accepted the recommendation and imposed the sentence of death for that count.   Chinn appealed.   This court affirmed the conviction, but reversed the death penalty sentence and remanded for the purpose of resentencing on the jury's recommendation of death for the aggravated murder conviction.   *State v. Chinn*, 2d Dist. Montgomery 11835, 1991 WL 289178, *1 (Dec. 27, 1991).   Specifically, we found that the trial court erred in performing its independent review because it failed to merge the three aggravating circumstances for the purpose of sentencing.   *Id.* at *22.   We also found, based upon the holding in *State v. Penix*, 32 Ohio St.3d 369, 512 N.E.2d 744 (1987), that the trial court erred when it relied upon both the "principal offender" and "prior calculation and design" culpability factors of R.C. 2929.04(A)(7), when the statute provides that these factors apply only in the alternative. *Id.* at *23.   We thus concluded that these two sentencing errors "impermissibly tipped the scales in favor of death."   *Id.*

{¶ 4} With regard to curing these errors, we stated:

> The State argues that these errors may be cured by our independent reweighing of the aggravating circumstance and mitigating factors pursuant to R.C. 2929.05(A).   Chinn argues that we are required to remand the case for resentencing, but that the trial court would be constrained from reimposing the death penalty.   We do not agree with either party.
>
> The State is correct in its assertion that, normally, the failure to

---

[1] Chinn was also found guilty of the prior felony specifications, which were tried separately to the court.

consider certain mitigating factors or to merge multiple aggravating circumstances into one can be cured by our independent review. Our independent review may also cure the failure of the trial court to specify the reasons why the aggravating circumstances outweigh the mitigating factors. However, the Supreme Court has specifically stated that if the sentencer considered the defendant to be both the principal offender and to have committed the murder with prior calculation and design, then the error was prejudicial and "could not simply be corrected in the appellate review process pursuant to R.C. 2929.05." That is the exact error here. Thus, Chinn's death sentence must be vacated and the issue of sentencing be remanded due to this error alone.

Because the trial court must reweigh the mitigating factors and aggravating circumstances during the resentencing process, and as the procedural posture of this case has already allowed us to review these issues, justice requires the trial court be instructed as to the proper factors. Therefore, we have addressed the issues of merger and residual doubt so that Chinn's resentencing might be free of the errors that occurred in its predecessor.

In general, when a jury trial has culminated in a sentence of death a reviewing court that finds prejudicial error must remand the issue of sentencing but prohibit the trial court from reimposing capital punishment. *Penix*, supra, at syllabus. However, this general rule is not applicable to the instant case. The rationale for prohibiting a reimposition of the death

penalty on remand is that R.C. 2929.03(D)(2) requires that "the decisions leading to a death sentence must be made by the same jury that convicted the offender in the guilt phase." However, the errors in the instant case were committed by the trial court in its independent evaluation, not by the jury. As opposed to the insurmountable problems associated with reassembling the exact same jury, there is no difficulty in the instant case in remanding this issue to the same judge who presided over Chinn's conviction.

* * *

Accordingly, we will vacate Chinn's death sentence and remand the issue of sentencing to the trial court so that it may weigh the proper mitigating factors against the single aggravating circumstance. Pursuant to this reevaluation, the trial court may impose whatever lawful punishment it deems appropriate, including but not limited to a sentence of death.

(Internal citations omitted.) *Id.* at *23-24.

{¶ 5} On remand, the trial court again imposed a death sentence. However, because Chinn was not present when the trial court imposed the sentence, we again reversed and remanded for new sentencing. *State v. Chinn*, 2d Dist. Montgomery No. 15009, 1996 WL 338678 (June 21, 1996). On remand, the trial court again imposed a sentence of death. Following Chinn's appeal, this court affirmed the sentence. *State v. Chinn*, 2d Dist. Montgomery No. 16206, 1997 WL 464736 (Aug. 15, 1997). Chinn then filed an appeal with the Ohio Supreme Court, which also affirmed the conviction and sentence. *State v. Chinn*, 85 Ohio St.3d 548, 709 N.E.2d 1166 (1999).

{¶ 6} Chinn also filed a petition for postconviction relief, which the trial court denied without a hearing. This court reversed and remanded for an evidentiary hearing. *State v. Chinn*, 2d Dist. Montgomery No. 16764, 2000 WL 1458784 (Aug. 21, 1998). On remand, the trial court conducted a hearing and again denied the petition. This court affirmed. *State v. Chinn*, 2d Dist. Montgomery No. 18535, 2001 WL 788402 (July 13, 2001).

{¶ 7} In January 2017, Chinn filed a motion for leave to file a motion for a new mitigation trial. The trial court granted the motion for leave and permitted Chinn to file the motion for new trial. Following briefing by both parties, the trial court denied the motion. Chinn now appeals.

## II.     Analysis

{¶ 8} Chinn's sole assignment of error states as follows:

THE TRIAL COURT ERRED WHEN IT DENIED CHINN'S MOTION FOR A

NEW MITIGATION TRIAL.

{¶ 9} Chinn claims that the trial court erred by denying his Crim.R. 33 motion for a new trial on sentencing.

{¶ 10} We review a trial court's denial of a Crim.R. 33 motion for a new trial under an abuse of discretion standard. *State v. Warren*, 2017-Ohio-853, 86 N.E.3d 728, ¶ 44 (2d Dist.). To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." An "abuse of discretion occurs when a decision is grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶ 13 (2d Dist.), quoting *State v. Nichols*,

195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082, ¶ 16 (2d Dist.).

{¶ 11} Crim.R. 33 governs motions for new trial and sets forth the following six grounds for securing a new trial: (1) irregularity in the proceedings that deprived the defendant of a fair trial; (2) misconduct of the jury, prosecutor, or a state's witness; (3) accident or surprise that ordinary prudence would not have guarded against; (4) the verdict was not sustained by sufficient evidence; (5) legal error during trial; or (6) new evidence material to the defense has been discovered that could not have been discovered with reasonable diligence in time for trial. Crim.R. 33(A).

{¶ 12} In his motion, Chinn claimed he was entitled to a new sentencing trial due to an irregularity in the proceedings, insufficient evidence, and an error of law occurring at trial. Chinn's arguments that the trial court erred by denying his motion for new trial center upon his claim that the holding in *Hurst v. Florida*, __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), which found that Florida's capital sentencing scheme violated the Sixth Amendment, is applicable to this case.

{¶ 13} The *Hurst* decision stemmed from the earlier Sixth Amendment cases of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In *Apprendi*, the Supreme Court held that the Sixth Amendment right to a jury extends to determinations of guilt and to "any fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi* at 490. In *Ring*, the Court held that the right to a jury includes the finding of a statutory aggravating circumstance in a capital case, which is " 'the functional equivalent of an element of a greater offense.' " *Ring* at 609, quoting *Apprendi* at 494, fn. 19.

{¶ 14} In *Hurst*, the United States Supreme Court considered the constitutionality of Florida's capital-punishment scheme, which permitted the jury to render an " 'advisory sentence' of life or death" without specifying the aggravating circumstances that influenced its decision. (Citation omitted.) *Hurst* at 620. Thereafter, the judge could impose a sentence of death after conducting an independent weighing of the aggravating and mitigating circumstances. *Id.* The Florida law limited the jury's role in capital sentencing to making an advisory recommendation; a trial court was then free to impose a death sentence even if the jury recommended against it. *Id.* at 620. Further, when a jury did recommend a death sentence, a trial court was not permitted to follow that recommendation until the judge found the existence of an aggravating circumstance. *Id.* at 620. The Supreme Court determined that Florida's death penalty scheme violated the Sixth Amendment because it required the trial judge, not the jury, to find an aggravating circumstance that made a defendant death penalty eligible; thus, the jury was removed from the critical finding necessary for imposition of the death penalty. *Id.* at 622.

{¶ 15} Chinn asserts that, under the circumstances of his case, *Hurst* is implicated because the jury, during the trial's sentencing phase, did not consider the merged aggravating circumstance when it reached the conclusion that the aggravating circumstances (not yet merged) outweighed the mitigating factors. Instead, the trial court, upon remand, considered the merged aggravating circumstance against the mitigating factors. Thus, by Chinn's reckoning, the trial court, not the jury, made the factual conclusion necessary for the imposition of the death penalty.

{¶ 16} However, the Ohio Supreme Court has ruled that Ohio's capital sentencing

scheme does not suffer from the same constitutional flaws as the Florida law at issue in *Hurst*. *See State v. Belton*, 149 Ohio St. 3d 165, 2016-Ohio-1581, 74 N.E.3d 319 (2016); *State v. Mason*, 153 Ohio St. 3d 476, 2018-Ohio-1462, 108 N.E.3d 56 (2018). "When an Ohio capital defendant elects to be tried by a jury, the jury decides whether the offender is guilty beyond a reasonable doubt of aggravated murder and— unlike the juries in *Ring* and *Hurst*— the aggravating-circumstance specifications for which the offender was indicted." *Mason* at ¶ 20, citing R.C. 2929.03(B). "Then the jury— again unlike in *Ring* and *Hurst*— must [during the sentencing phase] 'unanimously find[ ], by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors.' " *Id.*, citing R.C. 2929.03(D)(2). "An Ohio jury recommends a death sentence only after it makes this finding." *Id.* "And without that recommendation by the jury, the trial court may not impose the death sentence." *Id.*

{¶ 17} "Because the determination of guilt of an aggravating circumstance [during the guilty phase] renders the defendant eligible for a capital sentence, it is not possible to make a factual finding during the sentencing phase that will expose a defendant to greater punishment." *Belton* at ¶ 59. Thus, "Ohio's death-penalty scheme * * * does not violate the Sixth Amendment" because it "requires the critical jury findings that were not required by the laws at issue in *Ring* and *Hurst*." *Mason* at ¶ 21, citing R.C. 2929.03(C)(2).

{¶ 18} Further, the weighing of aggravating circumstances and mitigating factors that occurs in the sentencing phase "is not a fact-finding process subject to the Sixth Amendment." *Mason* at ¶ 29, quoting *Belton* at ¶ 60. "The Sixth Amendment was satisfied once the jury found [the defendant] guilty of aggravated murder and a felony-murder capital specification." *Id.*

{¶ 19} Turning to the pending case, the jury, not the trial court, made the factual determination that Chinn was guilty beyond a reasonable doubt of the aggravating circumstances. It was this finding which made Chinn eligible for the death penalty. Under *Mason*, this jury determination satisfied the Sixth Amendment's requirement that a jury make the factual determination triggering the death penalty sentencing enhancement. Thus, the trial court's sentencing phase evaluation of the merged aggravating circumstance against the mitigating factors does not implicate the Sixth Amendment.

{¶ 20} Also of importance, neither the Ohio Supreme Court nor the United States Supreme Court has held *Hurst* to be retroactive in collateral review cases. Indeed, the Sixth Circuit Court of Appeals and Ohio's Eleventh Appellate District have held that *Hurst* does not apply retroactively to such cases. *In re Coley*, 871 F.3d 455, 457 (6th Dist.2017); *State v. Lorraine*, 2018-Ohio-3325, 120 N.E.3d 33, ¶ 38 (11th Dist.). *See also State v. Landrum*, 4th Dist. Ross No. 17CA3607, 2018-Ohio-1280, ¶ 30 (Harsha, J., concurring); *Gapen v. Robinson*, S.D.Ohio No. 3:08-CV-280, 2017 WL 3524688 (Aug. 14, 2017).

{¶ 21} We conclude that Chinn has not demonstrated a right to have the holding in *Hurst* applied retroactively to his case. We further conclude that even if *Hurst* did apply, Chinn has not demonstrated the type of Sixth Amendment violation found in that case. Finally, we note that both this court and the Ohio Supreme Court found sufficient evidence to support the conviction and death penalty sentence for aggravated murder in Chinn's case. Thus, Chinn has failed to establish a right to a new sentencing phase of trial due to insufficient evidence under Crim.R. 33(A)(4). Further, other than the alleged *Hurst* errors, Chinn has not identified any other irregularities or errors of law that occurred

at trial, and thus, has not established the right to a new trial under Crim.R. 33(A)(1) or (5).

{¶ 22} Based upon the foregoing, Chinn's sole assignment of error is overruled.

### III.    Conclusion

{¶ 23} Chinn's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Melissa Jackson
Rachel Troutman
Hon. Barbara P. Gorman